1 │ BENJAMIN B. WAGNER
    United States Attorney
2 │ JEAN M. HOBLER
    Assistant U.S. Attorney
3 │ 501 I Street, Suite 10-100
    Sacramento, CA 95814
4 │ Telephone: (916)554-2700

5 │

6 │

7 │

8 │               IN THE UNITED STATES DISTRICT COURT FOR THE

9 │                   EASTERN DISTRICT OF CALIFORNIA

10 │

11 │ UNITED STATES OF AMERICA,        )    2:11-MC-00033-MCE-DAD
                                       )
12 │            Plaintiff,            )
                                       )
13 │     v.                           )    CONSENT JUDGMENT
                                       )    OF FORFEITURE
14 │ APPROXIMATELY $86,500.00 IN U.S. )
     CURRENCY SEIZED FROM WELLS FARGO )
15 │ BANK ACCOUNT NUMBER 2067165197,  )
                                       )
16 │            Defendant.            )
     _____ )
17 │

18 │      Pursuant to the Stipulation for Consent Judgment of

19 │ Forfeiture, the Court finds:

20 │      1.  On December 7, 2010, the Internal Revenue Service ("IRS"),

21 │ executed a Federal seizure warrant at Wells Fargo Bank located at

22 │ 5051 Auburn Blvd., Sacramento, California.  The agents seized

23 │ approximately $86,500.00 in U.S. Currency from Wells Fargo Bank

24 │ Account Number 2067165197 (hereafter the "defendant funds").  IRS

25 │ then commenced administrative forfeiture proceedings, sending

26 │ direct written notice to all known potential claimants and

27 │ publishing notice to all others.

28 │ ///

On or about February 1, 2011, the IRS received a claim from Farhad Dezaki asserting an ownership interest in the defendant funds.

2.   The government represents that it could show at a forfeiture trial that on December 7, 2010, IRS agents executed a Federal seizure warrant on the defendant funds.  The agents seized approximately $86,500.00 in U.S. Currency that was allegedly used to structure currency deposit transactions by breaking them into amounts at or below $10,000 to avoid the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3).

3.   Without admitting the truth of the factual assertions contained in this stipulation, Farhad Dezaki specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Farhad Dezaki agrees that an adequate factual basis exists to support forfeiture of the defendant funds.  Farhad Dezaki hereby acknowledges that he is the sole owner of the defendant funds, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Farhad Dezaki shall hold harmless and indemnify the United States, as set forth below.

4.   This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

5.   This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

///

///

Consent Judgment of Forfeiture

6.   The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7.   The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

8.   Upon entry of the Consent Judgment of Forfeiture, Approximately $86,500.00 in U.S. Currency seized from Wells Fargo Bank Account Number 2067165197, together with any interest that may have accrued on the that amount, shall be forfeited to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), to be disposed of according to law.

9.   Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

10.   Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant funds and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

///

11.  No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

12.  All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

Dated: March 7, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

Dated: March 7, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE