BENJAMIN B. WAGNER
United States Attorney
JEAN M. HOBLER
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:11-MC-00033-MCE-DAD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT JUDGMENT |
| | ) | OF FORFEITURE |
| APPROXIMATELY $86,500.00 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 2067165197, | ) ) ) ) | |
| Defendant. | ) ) | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.  On December 7, 2010, the Internal Revenue Service ("IRS"), executed a Federal seizure warrant at Wells Fargo Bank located at 5051 Auburn Blvd., Sacramento, California. The agents seized approximately $86,500.00 in U.S. Currency from Wells Fargo Bank Account Number 2067165197 (hereafter the "defendant funds"). IRS then commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.

///

On or about February 1, 2011, the IRS received a claim from Farhad Dezaki asserting an ownership interest in the defendant funds.

2.  The government represents that it could show at a forfeiture trial that on December 7, 2010, IRS agents executed a Federal seizure warrant on the defendant funds. The agents seized approximately $86,500.00 in U.S. Currency that was allegedly used to structure currency deposit transactions by breaking them into amounts at or below $10,000 to avoid the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3).

3.  Without admitting the truth of the factual assertions contained in this stipulation, Farhad Dezaki specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Farhad Dezaki agrees that an adequate factual basis exists to support forfeiture of the defendant funds. Farhad Dezaki hereby acknowledges that he is the sole owner of the defendant funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Farhad Dezaki shall hold harmless and indemnify the United States, as set forth below.

4.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

5.  This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

///

///

1    6.  The parties herein desire to settle this matter pursuant
2 to the terms of a duly executed Stipulation for Consent Judgment of
3 Forfeiture.
4    Based upon the above findings, and the files and records of
5 the Court, it is hereby ORDERED AND ADJUDGED:
6    7.  The Court adopts the Stipulation for Consent Judgment of
7 Forfeiture entered into by and between the parties.
8    8.  Upon entry of the Consent Judgment of Forfeiture,
9 Approximately $86,500.00 in U.S. Currency seized from Wells Fargo
10 Bank Account Number 2067165197, together with any interest that may
11 have accrued on the that amount, shall be forfeited to the United
12 States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), to
13 be disposed of according to law.
14    9.  Plaintiff United States of America and its servants,
15 agents, and employees and all other public entities, their
16 servants, agents and employees, are released from any and all
17 liability arising out of or in any way connected with the seizure
18 or forfeiture of the defendant funds.  This is a full and final
19 release applying to all unknown and unanticipated injuries, and/or
20 damages arising out of said seizure and forfeiture, as well as to
21 those now known or disclosed.  The parties waived the provisions of
22 California Civil Code § 1542.
23    10. Pursuant to the Stipulation for Consent Judgment of
24 Forfeiture filed herein, the Court finds that there was reasonable
25 cause for the seizure of the defendant funds and a Certificate of
26 Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered
27 accordingly.
28 ///

11.  No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

12.  All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

Dated: March 7, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

Dated: March 7, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE